# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BENNY BARTON | § § | |
| v. | § § | CASE NO. 3:18-CV-3074-S |
| NORTH AMERICAN VAN LINES, INC., et al. | § § § § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses the Second Motion to Dismiss filed by Defendants North American Van Lines, Inc. ("NAVL"), and Burgess North American ("Burgess") (collectively, "Defendants") [ECF No. 11]. For the following reasons, the Motion is granted in part and denied in part.

### I. BACKGROUND

On or about June 4, 2015, Defendants provided Plaintiff Benny Barton ("Plaintiff") with an Estimate and Order for Service form ("Estimate") for the shipment of more than eighty antique items and home furnishings ("Goods"). Am. Compl. ¶ 11. Defendants estimated that it would cost $53,882.61 to ship the Goods from Indian Wells, California, to Dallas, Texas. *Id.* The Estimate included maximum value protection of the Goods at $800,000 and stated, "You will select the liability level later, on the bill of lading (contract) for your move." *Id.*

On or about June 5, 2015, Defendants moved the Goods to their local storage facility in or around Indian Wells. *Id.* ¶ 12. On January 22, 2016, a Burgess representative told Plaintiff that it would ship the Goods to All Points Pioneer[1] in Grand Prairie, Texas. *Id.* ¶ 13. On March 1, 2016, Defendants sent Plaintiff an invoice requesting payments for transportation services, insurance,

---

[1] Plaintiff dismissed All Points Investments, Inc., from this lawsuit on January 3, 2019. *See* ECF No. 13. NAVL filed a Third-Party Claim/Cross-Claim against All Points Investments, Inc., on March 19, 2019. *See* ECF No. 21.

packing services, crating services, and storage services. *Id.* ¶ 14. Plaintiff allegedly did not receive a bill of lading at this time. *Id.* ¶ 15. On or about March 2, 2016, the Goods were shipped and temporarily stored at All Points Pioneer's warehouse in Grand Prairie. *Id.* ¶ 16. According to Plaintiff, the Goods were kept in storage as "storage-in-transit or temporary storage." *Id.* ¶ 17.

On or about July 3, 2017, the Goods were shipped from the warehouse to Plaintiff's showroom in Farmers Branch, Texas. *Id.* ¶ 18. When Plaintiff took delivery of the Goods, Plaintiff allegedly discovered that they were damaged. *Id.* ¶ 19. Plaintiff took inventory and identified those damages that were readily ascertainable. *Id.* On August 22, 2017, All Points Pioneer informed Plaintiff that he had ninety days from the date of delivery to submit a claim via the company's claim form. *Id.* ¶ 20. On or about September 11, 2017, East Fork Enterprises, Inc., gave Plaintiff a quote to repair the Goods for $84,168.75. *Id.* ¶ 22. On September 20, 2017, Plaintiff submitted his claims for the damage. *Id.* ¶ 23. On September 21, 2017, All Points Pioneer confirmed receipt of the claims. *Id.* ¶ 24. About a month later, All Points Pioneer informed Plaintiff that its policy is to forward claims to NAVL for its portion related to the move and storage. *Id.* ¶ 25. On October 27, 2017, All Points Pioneer forwarded Plaintiff's claims to NAVL. *Id.*

On January 25, 2018, Plaintiff inquired into the status of his claims with All Points Pioneer and NAVL. *Id.* ¶ 26. On February 2, 2018, Plaintiff received a letter from NAVL stating that the Goods had been converted to "permanent storage." *Id.* ¶ 27. The letter was postmarked January 29, 2018. *Id.* NAVL then denied Plaintiff's claims, asserting that Plaintiff failed to make a claim within nine months of the date the Goods were converted to permanent storage. *Id.*

Plaintiff brought suit in state court, alleging various state-law claims. On November 19, 2018, former defendant Burgess North American Palm Springs Corporation[2] removed the case to

---

[2] When Plaintiff filed his Amended Complaint, he did not name Burgess North American Palm Springs Corporation as a defendant. *See* Am. Compl.

this Court. *See* ECF No. 1. On November 29, 2018, Burgess and NAVL moved to dismiss the claims against them. *See* ECF No. 4. On December 20, 2018, Plaintiff filed the Amended Complaint, dropping the state-law claims and instead alleging violations of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. On January 2, 2019, Defendants filed the Second Motion to Dismiss.

## II. LEGAL STANDARD

To defeat a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

The ultimate question is whether the complaint states a valid claim when viewed in the light most favorable to the plaintiff. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*,

3

313 F.3d 305, 312 (5th Cir. 2002). At the motion to dismiss stage, the court does not evaluate the plaintiff's likelihood of success. It only determines whether the plaintiff has stated a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977).

## III. ANALYSIS

### A. *Timeliness*

When property transported by common carriers is damaged, claims arising out of such damage are controlled by the Carmack Amendment and Interstate Commerce Commission regulations. *Landess v. N. Am. Van Lines, Inc.*, 977 F. Supp. 1274, 1278 (E.D. Tex. 1997) (citing, among other things, 49 U.S.C. § 11707; 49 C.F.R. §§ 1005.1-.7). "Carriers may contractually limit the time for filing claims; however, this limit cannot be less than nine months." *Salzstein v. Bekins Van Lines Inc.*, 993 F.2d 1187, 1189 (5th Cir. 1993) (citing 49 U.S.C. § 11707(e)). This time limit is not a statute of limitations. *Landess*, 977 F. Supp. at 1278 (citing *State Farm Fire & Cas. v. United Van Lines*, 825 F. Supp. 896, 901 (N.D. Cal. 1993)). However, "[s]trict compliance with claim filing provisions is a 'mandatory condition precedent to recovery on a claim.'" *Fireman's Fund McGee v. Landstar Ranger, Inc.*, 250 F. Supp. 2d 684, 687-88 (S.D. Tex. 2003) (quoting *Trailblazers Int'l Inc. v. Cent. Freight Lines*, 951 F. Supp. 121, 123 (S.D. Tex. 1996)).

Defendants argue that Plaintiff's claim is untimely because it was made more than nine months after the shipment was placed into permanent storage on March 2, 2016. The Court disagrees. The Goods were delivered to Plaintiff out of storage on or about July 3, 2017. Defendants received notice of Plaintiff's claims less than four months later, on October 27, 2017. Viewing the well-pleaded facts in the light most favorable to Plaintiff, as it must at this stage, the Court finds that Plaintiff has adequately pleaded that he made his claim within nine months after delivery of the Goods. *See* Second Mot. to Dismiss Ex. C, at 4 ("[A] claim for any loss or damage, injury, or delay, must be filed in writing with [NAVL] within nine (9) months *after delivery* to

4

consignee . . . ." (emphasis added)). While Defendant contends that the Goods were placed into permanent storage, and thus delivered, on March 2, 2016, Plaintiff notes that the Bill of Lading has marks next to both "In Transit" and "Permanent." *See* Second Mot. to Dismiss Ex. D, at 1. At this stage, the Court cannot properly resolve such a factual dispute, and Plaintiff's allegations, taken as true, are sufficient to survive a motion to dismiss.

In the alternative, the Court finds that Plaintiff has adequately pleaded that he made his claim within nine months of when the extent of the damage first could be discovered through reasonable diligence. *See Salzstein*, 993 F.2d at 1191 (recognizing exception to filing requirements when shipper, despite reasonable diligence, is unable to ascertain extent of its loss within filing period). Therefore, the Court denies Defendants' Motion to Dismiss on timeliness grounds.

### B. *Agent Liability*

Defendants argue that the claims against Burgess must be dismissed because Burgess acted only as the agent of NAVL. 49 U.S.C. § 13907(a) provides that "[e]ach motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services . . . ." Not only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but also "the case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract." *Fox v. Kachina Moving & Storage*, No. 3:98-CV-0842-AH, 1998 WL 760268, at *1 (N.D. Tex. Oct. 21, 1998) (collecting cases).

Plaintiff does not dispute that Burgess was NAVL's agent, nor does he contest that NAVL was a disclosed principal. Rather, Plaintiff argues that the Court could find Burgess independently liable because "a Burgess representative assured Plaintiff that his goods would be delivered, unpacked, and uncrated with exceptional care." Resp. 9 (citing Am. Compl. ¶ 13). It is unclear how this statement renders it "likely" that Plaintiff "will prevail against . . . Burgess." *Id.* Without

5

more, this single statement does not establish a basis for finding Burgess liable independently of its role as an agent of NAVL. *See Marks v. Suddath Relocation Sys., Inc.*, 319 F. Supp 2d 746, 752 (S.D. Tex. 2004). Therefore, the Court grants Defendants' Motion to Dismiss as to Burgess.

## IV. CONCLUSION

For the reasons discussed above, the Court grants in part and denies in part Defendants' Motion to Dismiss. The Court denies the Motion on timeliness grounds. The Court grants the Motion as to Burgess on the grounds that Burgess was acting as an agent for a disclosed principal. Plaintiff has not sought leave to amend. If Plaintiff wishes to amend his claims against Burgess, he must seek leave to file an amended complaint by July 31, 2019. If a motion for leave to file, with the proposed amended complaint attached, is not filed by this date, Plaintiff's claims against Burgess will be dismissed with prejudice.

**SO ORDERED.**

SIGNED July 16th, 2019.

_____
**KAREN GREN SCHOLER
UNITED STATES DISTRICT JUDGE**